IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES OWENS, #K83253,

    Plaintiff,

vs.                                      CIVIL NO. 3:15-cv-01143-MJR

STEPHEN DUNCAN,
DR. LITHERLAND,
JEFFERY STRUBHART,
SCHOON,
C/O DUNLOP,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3, and
JOHN DOE 4,

    Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

    Plaintiff James Owens, an inmate in Lawrence Correctional Center ("Lawrence"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 against several Lawrence employees. Plaintiff seeks monetary and injunctive relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Even so, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. Portions of this action are subject to summary dismissal.

## The Complaint

In his complaint[1] (Doc. 1), Plaintiff asserts that for some time he had been experiencing severe pain in his lower right jaw due to what was later determined to be an infection. (*Id.* at 4.) He was prescribed amoxicillin and ibuprofen for the pain. Discomfort in his lower jaw persisted, and he soon discovered that a "bone shard" was protruding from his gums. (*Id.*) Plaintiff made two visits to the Health Care Unit's ("HCU") dental department, where he was seen by Defendant Litherland, the prison dentist. At the first visit, Plaintiff only alleges that Litherland did not prescribe Plaintiff any pain medication. (*Id.*) On Plaintiff's second visit, four days later, he alleges that the defendant-dentist extracted from his lower right gum the protruding shard of bone that had been causing him so much pain. (*Id.*)

Only two months after Defendant Litherland treated him, Plaintiff discovered *another* shard of bone protruding from his lower right gum. (*Id.*) Accordingly, he made multiple requests for dental assistance and medication, including signing "a call pass register for sick call." (*Id.*) The same day he signed the call pass register, however, Plaintiff alleges that he "was not called for [his] sick call pass by John Doe 1." (*Id.*)

---

[1] Plaintiff appended grievances to his complaint as exhibits; these grievances, however, were not relevant to the facts alleged in the complaint. On October 28, 2015, Plaintiff filed a Motion for Substitution of Documents. (Doc. 5.) The motion contains copies of grievances relevant to this case that the Plaintiff wishes to be substituted for the complaint's initial exhibits. As this case is still in its early stages, the motion is granted and the grievances attached therein will be analyzed as if part of the complaint. Should Plaintiff wish to amend his complaint further, however, he must file a motion pursuant to Federal Rule of Civil Procedure 15 and a proposed amended complaint. *See* FED. R. CIV. P. 15. A proposed amended complaint supersedes the original complaint in all respects and, consequently, must undergo preliminary review pursuant to 28 U.S.C. § 1915A.

A little over a week after discovering the second bone protrusion, Plaintiff was at the HCU getting blood drawn and, by happenstance, the dental assistant informed him that she received his request for care. (*Id.*) Defendant Litherland was on vacation, but the dental assistant informed Plaintiff that he should request medication "through sick call." (*Id.*) However, when he returned to his housing unit, the complaint states he was informed over the P.A. system that John Doe 2 canceled his sick call pass. (*Id.* at 4-5.)

Distraught, Plaintiff pressed the panic button in his unit several times, but no staff members responded. (*Id.* at 5.) When his cellmate returned from work, Plaintiff informed Defendant Dunlop, a correctional officer, that the dental assistant recommended he obtain medication through sick call. (*Id.*) Dunlop, however, refused to alert the HCU or anyone to assist Plaintiff. (*Id.*)

Plaintiff states that on June 11, 2015, he filed a grievance (#1509) against the sick call staff members due to their refusal to provide him with pain medication while Defendant Litherland was on vacation. (*Id.*) In his response to the grievance, however, Defendant Counselor Schoon did not address the failure of the sick call staff members to provide Plaintiff with pain medication, nor the cancelation of his call passes by John Doe 1 and John Doe 2. (*Id.*)

The bone protrusion continued to cause Plaintiff pain. The complaint alleges, however, that when Plaintiff next when to sick call, John Doe 3 refused to provide him pain medication. (*Id.*) Meanwhile, the pain became so unbearable that he became unable to eat. (*Id.*)

On June 18, 2015, Plaintiff visited Defendant Litherland, now back from vacation and apparently upset that Plaintiff had filed a grievance against the sick call staff members. (*Id.*) Litherland anesthetized Plaintiff and then commenced "dig[ging] around [Plaintiff's] lower right jaw and gum with a dental probe." (*Id.*) He provided Plaintiff with ibuprofen and amoxicillin and relevant dosage instructions. (*Id.*) When Plaintiff returned home, he discovered, upon inspection, that there was "a 3/16—1/4″ slit" in his gum where Litherland had operated. (*Id.*)

Over the next several days, the slit allegedly expanded, exposing Plaintiff's jawbone. (*Id.*) Even so, while at sick call, Plaintiff claims he was refused medication by John Doe 4. (*Id.*) When Defendant Litherland inspected Plaintiff's mouth during the latter's next visit to the HCU, the complaint states that the dentist did nothing save comment that Plaintiff's mouth was still healing. (*Id.* at 6.)

On June 26, 2015, Plaintiff claims he was taken to the HCU dental department where Defendant Litherland prescribed him ibuprofen, but apparently "still did nothing about the gaping hole and exposed jawbone in [Plaintiff's] lower right gum." (*Id.*) While the "gaping hole" eventually closed, his injury allegedly did not completely heal for about another month, during which time his difficulty with eating persisted. (*Id.*)

While all of this was occurring, Plaintiff continued to appeal through the grievance process. Plaintiff sent grievance #1509 to Defendant Grievance Officer Strubhart on June 26, 2015. (*Id.*). Strubhart, however, denied Plaintiff's grievance and, as

did Schoon, failed to address the denial of pain medication to Plaintiff and the sick call cancelations. (*Id.*) Plaintiff then sent an emergency grievance to Defendant Duncan, warden of Lawrence. (*Id.*) Duncan denied it was an emergency. (*Id.*) Plaintiff has found similar success in his grievances filed further up the ladder. (*Id.*)

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide this *pro se* action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Defendant Dunlop violated Plaintiff's Eighth Amendment right to freedom from cruel and unusual punishment when he refused to seek assistance for Plaintiff after being informed that the dental assistant advised Plaintiff to request pain medication through sick call.
>
> **COUNT 2:** Defendants Schoon, Strubhart, and Duncan violated Plaintiff's Eighth Amendment right to freedom from cruel and unusual punishment when they failed to act on Plaintiff's grievances.
>
> **COUNT 3:** Defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4 violated Plaintiff's Eighth Amendment right to freedom from cruel and unusual punishment when they denied Plaintiff access to pain medication and assistance.
>
> **COUNT 4:** Defendant Litherland violated Plaintiff's Eighth Amendment right to freedom from cruel and unusual punishment when, while operating on Plaintiff, he injured Plaintiff's lower jaw, and when he failed to issue Plaintiff pain medication at relevant times.
>
> **COUNT 5:** Defendant Litherland violated Plaintiff's constitutional rights when he injured Plaintiff's lower jaw in retaliation for Plaintiff's filing of a grievance against the sick call staff members.

### A. Eighth Amendment Claims

The gravamen of Plaintiff's complaint is that each Defendant acted with deliberate indifference to his serious medical needs and so violated the Eighth Amendment to the United States Constitution.

The Eighth Amendment protects prisoners from cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (per curiam). This principle applies to dental care. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013).

To state an Eighth Amendment claim for deficient medical care, prisoners must establish that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). The complaint alleges an objectively serious medical condition: Plaintiff asserts he experienced severe and persistent pain for several months and difficulty eating due to protruding bones and a tear in his gums. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("[T]he presence of a medical condition that significantly affects an individual's daily activities . . . or the existence of chronic and substantial pain" indicate the presence of a serious medical condition.) (internal quotation marks and citations omitted). Whether Plaintiff has stated valid Eighth Amendment claims, therefore, turns

on whether he has alleged facts indicating the Defendants acted with deliberate indifference to his health or safety.

Prison officials act with deliberate indifference when they "realize[] that a substantial risk of serious harm to a prisoner exists, but then disregard[] that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776-77 (7th Cir. 2015) (citing *Farmer*, 511 U.S. at 837). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal quotation marks and citations omitted). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's claim against Defendant Dunlop (**Count 1**) survives preliminary screening. Plaintiff informed Dunlop of his condition and of the dental assistant's recommendation that he obtain pain medication through sick call. Despite this fact, Plaintiff alleges Dunlop refused to contact HCU or in fact do anything to assist Plaintiff, therefore disregarding Plaintiff's objectively serious condition. Accordingly, Plaintiff may proceed with **Count 1** at this time.

Plaintiff may also proceed with his claims against Defendants Schoon, Strubhart, and Duncan (**Count 2**) at this time. In order to recover damages against prison officials in advisory roles, civil rights plaintiffs may not rely on a theory of supervisory liability, but "instead must allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez*, 792 F.3d at 781. In *Perez*, the Seventh Circuit held that a prisoner's correspondence to a prison supervisor may "establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Id.* at 781-82. In that case, the court found that the plaintiff stated a proper claim for relief against prison officials where the officials obtained actual knowledge of the prisoner's medical condition through his "coherent and highly detailed grievances and other correspondences" and yet "failed to intervene on [the prisoner's] behalf to rectify the situation." *Id.* at 782.

Here, Plaintiff alleges that he sent a grievance (#1509) to Defendant Schoon on June 11, 2015 and, after Schoon denied the grievance, that he sent the same grievance to Defendant Strubhart on June 26, 2015. The grievance details Plaintiff's failed attempts to receive medication and access to care, and describes the pain he was experiencing. (Doc. 5 at 2.) The emergency grievance filed with Duncan is similarly descriptive. (*See id.* at 4.) Therefore, because Plaintiff has presented to the Court detailed documentation indicating that Defendants Schoon, Strubhart, and Duncan obtained sufficient knowledge of Plaintiff's condition and yet failed to intervene on his behalf, **Count 2** survives preliminary review.

Plaintiff's claim against Defendant Litherland (**Count 4**) likewise survives preliminary screening. The complaint indicates that Litherland failed to provide Plaintiff with medication to alleviate his pain on multiple occasions, and did nothing to assuage the pain in his jaw that was exacerbated by his probing of Plaintiff's mouth. Further, Plaintiff alleges Litherland's actions were retaliatory in nature. While, as aforementioned, the Eighth Amendment does not entitle prisoners to demand a specific avenue of care, nor is it violated by ordinary negligence or malpractice, further factual development is necessary to determine whether Litherland's actions rose to the level of a constitutional deprivation. Therefore, Plaintiff may proceed with his claim against Lithherland at this time.

Plaintiff's claims against John Doe 1, John Doe 2, John Doe 3, and John Doe 4 (**Count 3**), however, may not proceed at this time. Plaintiff alleges the John Does exhibited deliberate indifference to his condition by failing to call him for a sick call pass (John Doe 1), canceling a sick call pass (John Doe 2), and refusing to provide him with medication when he was at sick call (John Does 3 and 4). However, the complaint does not indicate whether each John Doe in this case was aware of the level of harm Plaintiff was experiencing; in fact, little information is provided as to the circumstances under which each John Doe acted or failed to act. Plaintiff simply notes, for example, that "John Doe #3 refused to provide me any pain medication," (Doc. 1 at 5), without giving any more information. His claims against the other John Does consist of similar bare-bones assertions. **Count 3**, therefore, is dismissed without prejudice.

B. **Retaliation Claim**

Plaintiff's retaliation claim against Defendant Litherland (**Count 5**) may not proceed at this time. Plaintiff's complaint states that on June 18, 2015:

> [I] [w]as taken to the HCU dental department and defendant Litherland was angry because I filed the grievance over the lack of pain meds. I informed him the grievance was not directed towards him but against the Sick Call staff members who refused me pain meds while he was on vacation[,] but he was still angry.

(*Id.*) Following this, he began "dig[ging] around [his] lower right jaw and gum with a dental probe," an action which allegedly led to further dental injury (i.e., the "slit" in his gums). (*Id.*)

The First Amendment prohibits retaliating against prisoners due to their exercise of certain protected activities. A First Amendment claim for retaliation arises if a prisoner alleges that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant[']s decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

While "filing a non-frivolous grievance is a constitutionally protected activity sufficient to support a retaliation claim," *Perez*, 792 F.3d at 783 (citing *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004)), that Plaintiff filed an emergency grievance with Defendant Duncan informing him that Litherland was angered by Plaintiff's filing of grievance #1509, (Doc. 5 at 4-5), indicates that Litherland's actions did not in fact

deter future First Amendment activity. Therefore, **Count 5** is dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** against Defendant **DUNLOP**, on **COUNT 2** against Defendants **SCHOON**, **STRUBHART**, and **DUNCAN**, and on **COUNT 4** against Defendant **LITHERLAND** (Eighth Amendment claim).

**COUNTS 3** and **5** are **DISMISSED** without prejudice. Defendants **JOHN DOE 1**, **JOHN DOE 2**, **JOHN DOE**, and **JOHN DOE 4** are **DISMISSED** from this action without prejudice. Defendant **LITHERLAND** is **DISMISSED** from this action without prejudice only as concerns **COUNT 5**.

As for **COUNTS 1**, **2**, and **4**, the Clerk of Court shall prepare for Defendants **DUNLOP**, **SCHOON**, **STRUBHART**, **DUNCAN**, and **LITHERLAND**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff's Motion for Substitution of Documents is **GRANTED**.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **STEPHEN C. WILLIAMS** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **STEPHEN C. WILLIAMS** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 16, 2015**

                                             s/ MICHAEL J. REAGAN
                                             **Chief Judge Michael J. Reagan**
                                             **United States District Judge**